**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWNTESHIA HOBSON, on her own behalf and on behalf of her minor child Morrice Hobson,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 25 C 10898** |
| **MEAD JOHNSON & COMPANY, LLC; MEAD JOHNSON NUTRITION COMPANY; AND PROTESTANT MEMORIAL MEDICAL CENTER, INC.,** | ) | **Judge Rebecca R. Pallmeyer** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is one of hundreds before the court as part of MDL No. 3026, in which Plaintiffs have alleged that infant formula manufactured by Mead Johnson & Company ("Mead Johnson") or Abbott Laboratories ("Abbott") caused premature infants to develop necrotizing enterocolitis. Plaintiff Shawnteshia Hobson sued Mead Johnson, the formula manufacturer, and Protestant Memorial Medical Center, Inc., the hospital where her child was born and was provided with infant formula, in the Twentieth Judicial Circuit, St. Clair County, Illinois, cause number 24-LA-0735. (State Court Hearing [1-6].) The hospital defendant is not diverse in citizenship from Hobson; as such, the case was properly filed in state court and was not removable until Hobson voluntarily dismissed the hospital from the case via settlement. (Settlement Agreement [90].) Following this dismissal, Mead Johnson removed the case to this court. (Notice of Removal [1]). The removal is untimely, unless Mead Johnson can show that Hobson's naming the hospital as a defendant constitutes bad-faith fraudulent joinder. 28 U.S.C.A. § 1446(c)(1); *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). (Notice of Removal [1].) Hobson contends Plaintiff cannot make such a showing, and asks the court for an order of remand. (Pl. Emergency Mot. to Remand [14] at 4.)

In the months since the motion was briefed, the Seventh Circuit has provided additional guidance on the methods of establishing fraudulent joinder, in an appeal filed by several MDL Plaintiffs who had named medical providers in addition to the formula manufacturers. *See In re Abbott Labs., et al. Preterm Infant Nutrition Prods. Liab. Litig.*, 184 F.4th 608, 615 (7th Cir. 2026) (hereinafter, "*Abdullah,*" the name of the lead appellant). As explained there, a party may establish fraudulent joinder by showing that (1) the opposing party made "false allegations of jurisdiction facts to support joinder" and (2) the opposing party has "'no chance of success' in their claims against the non-diverse defendants, after resolving all issues of fact and law in favor of the plaintiffs." *Id.* (citing *Poulos*, 959 F.2d at 73 and *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015)) (additional citations omitted). A plaintiff's motive for suing a particular defendant "is not an appropriate basis upon which to predicate a determination of fraudulent joinder." *Id.* at 610.

Mead Johnson does not contend that Hobson made false allegations of jurisdictional facts to support joinder. Mead Johnson therefore must meet the heavy burden of proving Hobson had "no chance of success" on her claims against the defendant hospital in state court. *Poulos*, 959 F.2d at 73. Mead Johnson has not this burden. Hobson reached a settlement of her monetary claims with the hospital defendant, which this court already determined is more than *de minimis* (Order [91] at 2), and her non-monetary claims remain pending. (Pl. Reply in Supp. of Mot. to Expedite [88] at 1.) This court had expressed its uncertainty as to whether Hobson will pursue her remaining equitable claims against the hospital defendant (Order [91] at 2), but the Court of Appeals has made clear that the court is not free to assess Hobson's motive for pursuing these claims. *Abdullah,* 184 F.4th at 615. Hobson otherwise "forcefully litigated her claims against both Mead Johnson and the hospital defendant"; she "conducted fact discovery"; she "overcame motions to dismiss from both the hospital defendant and Mead Johnson"; she "won discovery fights"; she "started to put . . . experts up for depositions"; and she defeated objections to add her injunctive relief claims after discovery. (Pl. Reply in Supp. of Mot. to Expedite [88] at 1.) Mead

Johnson has not shown that Hobson's non-monetary claims have "no chance of success." *Poulos*, 959 F.2d at 73. The court thus grants Hobson's motion for remand [14] and orders this case remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois forthwith.

ENTER:

Dated: October 6, 2026

REBECCA R. PALLMEYER
United States District Judge